**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| George Vomvolakis, <br><br> Plaintiff, <br><br> v. <br><br> Nationwide Credit & Collection, Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff George Vomvolakis, by and through the undersigned counsel, complains, states, and alleges against defendant Nationwide Credit & Collection, Inc. as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell*

1

*v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*,

2

591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Nationwide Credit & Collection, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff George Vomvolakis ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Nationwide Credit & Collection, Inc. ("Nationwide") is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business in Dupage County, Illinois.

15. Nationwide has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16. Nationwide regularly collects or attempts to collect debts asserted to be owed to others.

17. Nationwide is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Nationwide's businesses is the collection of such debts.

19. Nationwide uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Nationwide is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Nationwide as described in this Complaint were performed by Nationwide or on Nationwide's behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Nationwide in this Complaint shall mean Nationwide or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Plaintiff incurred a debt to Northwell Health totaling $600.00.

23. Plaintiff paid the debt in full.

24. Despite the debt having been paid in full, at an exact time known only to Nationwide but after the debt was paid in full, the debt was assigned or otherwise transferred to Nationwide for collection.

25. In its efforts to collect the debt, Nationwide caused correspondence, including a collection letter dated January 12, 2021, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

26. The Letter conveyed information regarding the debt.

27. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Nationwide. As set forth herein, Nationwide deprived Plaintiff of these rights.

29. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

30. Plaintiff's injury is directly traceable to Nationwide's conduct because Nationwide caused the Letter to be sent, and but for Nationwide's conduct, Plaintiff would not have been deprived of the aforementioned rights.

31. Plaintiff has been misled by Nationwide's conduct.

32. Nationwide's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Nationwide's conduct.

33. Plaintiff justifiably fears that, absent this Court's intervention, Nationwide will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

34. Plaintiff justifiably fears that, absent this Court's intervention, Nationwide will ultimately cause Plaintiff unwarranted economic harm.

35. As a result of Nationwide's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

36. As a result of Nationwide's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

37. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

38. A favorable decision herein would redress Plaintiff's injury with money damages.

39. A favorable decision herein would serve to deter Nationwide from further similar conduct.

40. Upon information and belief, Plaintiff can prove that all actions taken by Nationwide as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

44. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

45. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Nationwide.

46. An attempt by a debt collector to collect a debt not owed is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

47. An allegation by a debt collector that a consumer owes a debt not owed is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

48. Nationwide's allegation that Plaintiff owes the debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

49. Nationwide's allegation that Plaintiff owes the debt is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

50. By sending a collection letter to Plaintiff to collect on the debt, Nationwide misrepresented the status of the debt as collectible, when it was not, in violation of 15 U.S.C. § 1692e(2)(A).

51. Nationwide's allegation that Plaintiff owes the debt is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

52. Plaintiff's injury is directly traceable to Nationwide's conduct because Nationwide sent the Letter, and but for Nationwide's conduct, Plaintiff would not have been deprived of the aforementioned rights.

53. Plaintiff has been misled by Nationwide's conduct.

54. Nationwide's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Nationwide's conduct.

55. Plaintiff justifiably fears that, absent this Court's intervention, Nationwide will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

56. Plaintiff justifiably fears that, absent this Court's intervention, Nationwide will ultimately cause Plaintiff unwarranted economic harm.

57. As a result of Nationwide's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

58. As a result of Nationwide's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

59. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

60. A favorable decision herein would redress Plaintiff's injury with money damages.

61. A favorable decision herein would serve to deter Nationwide from further similar conduct.

62. For the foregoing reasons, Nationwide violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a. Finding Nationwide's actions violate the FDCPA; and

   b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

   c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

   d. Awarding the costs of this action to Plaintiff; and

   e. Awarding pre-judgment interest and post-judgment interest to

      Plaintiff; all together with

    f. Such other and further relief that the Court determines is just and proper.

DATED: January 29, 2021

                              **BARSHAY, RIZZO & LOPEZ, PLLC**

                              By: <u>*David M. Barshay*</u>
                              David M. Barshay, Esquire
                              445 Broadhollow Road | Suite CL18
                              Melville, New York 11747
                              Tel: (631) 210-7272
                              Fax: (516) 706-5055
                              Our File No.: BRL2021102
                              *Attorneys for Plaintiff*